The Honorable Judges of the United States Courts of Appeals in and for the Seventh Judicial Circuit, hear ye, hear ye, hear ye. All persons having business before this Honorable Court are admonished to draw near and give their attention as the Court is now sitting. God save the United States and this Honorable Court. Good morning, everyone. Our first case for argument this morning is United States v. District Court in this case erred by applying the two-level obstruction enhancement, and that error was not harmless. The Court applied the enhancement based on a perjury finding as to a statement that my client made while representing himself at sentencing. When the obstruction enhancement is applied because of a perjury finding, that perjury must be material. Here, the sole basis for the Court's finding of perjury was that it did not believe that Mr. Godwin did not recall directing a co-defendant to impersonate another individual, which was one act in a larger years-long fraud scheme. That alleged perjury was not material as it had no realistic possibility of lowering Mr. Godwin's sentence, and the government has not shown otherwise, particularly where Mr. Godwin's admissions made via his plea and other statements at the sentencing hearing were more than a sufficient factual basis to support the sentence that he received. In order to qualify for the obstruction enhancement, his statement needed to go to an issue before the District Court. However, the only issue before the District Court was the proper sentence, and that sentence was based on the sentencing that particular event could have impacted the sentencing guidelines. Does your client acknowledge to this day that it was an intentionally false statement? As we stand here now? We are here today only challenging the materiality of the statement. So in other words, he acknowledges that he lied under oath? We are not making an acknowledgment that he lied. We are simply saying that that was not challenged or that was not an issue in the record that my client challenged at the lower court. Yeah, I think the way I read the transcript, what so troubled the District Court is that the false statement went to the heart of the offense conduct. It was a very, it seemed like it was a very substantial part of what the defendant was doing to deceive who was at AT&T, and the District Court judge thought it's just not, it's not remotely believable that you don't recall that, and that it does seem material to an application of the 3553A factors or at least relevant to an application of those factors. Yes, so to address that question, I believe that the record indicates actually that the particular statement at issue is tied to the events on one date in a broader fraud scheme, and that impersonations were part of that broader fraud scheme on numerous occasions. Throughout the record, my client admits on several different pages, different impersonations and forgeries that constituted part of that fraud scheme. So as to his recall about the events of a particular day, it's our contention that his recall of that event is not in and of itself material. Further? Ms. Riley, though, getting back to Judge Scudder's point, let's assume for the purpose of argument, as I think the parties are asking us to do, that Mr. Godwin did intentionally state a misrepresentation to the court, or at least the court found that he did, and that's not being challenged. If that's the case, 3553A, one of the factors is history and characteristics of the defendant, right? And if the district court believes that Mr. Godwin is capable of lying under oath and committing perjury, which is another crime, wouldn't that be relevant to that particular factor in sentencing? Your Honor, it would not be sufficient for the obstruction enhancement in this case because the case law is quite clear that not every lie warrants the obstruction enhancement. If that was the case, then there would be no limiting principle and every lie could be used to apply the enhancement. But the judge in this case was trying to understand exactly what were the events that transpired as part of this crime, right? And as part of that analysis, he relied upon the statements of Mr. Godwin, and if those statements were basically misrepresented what had happened, why wouldn't that obstruct the district court's ability to determine what the actual circumstances of the offense were? I think that the record shows my client admitted enough facts that more than substantiate the underlying conduct, and again, the district court did not say that he did not believe that that event did not occur. He said he did not believe that my client did not recall that event. If he had believed that my client had not recalled that event, there is nothing in the record indicating how that would have specifically impacted the sentencing determination. Doesn't it go to his credibility? I mean, I think I'm reading it the way Judge Lee is in that he's on the stand, asked about the whole purpose of the hearing, was it not, was the loss amount. He challenged the loss that AT&T sustained, correct? Yes. And in the course of testifying to that issue, he makes a statement that the district court finds to be intentionally false. Doesn't that obstruct the proceeding that's occurring, fact-finding, and go very much to his credibility? As to his credibility, the courts have been clear that simply downplaying one's culpability is not sufficient to rise to the level of obstruction. Right, but we have more than that here. You have a finding of perjury. Exactly, Your Honor. And credibility is a separate determination under the 3553 factors, which the court did take into account at that time. And as you noted, loss was the only issue on the table. And as our briefing demonstrates, even if believed that my client did not recall the events of that day, there's no monetary number that ties to that. In fact, unlike the government's brief indicates, if you look at the PSR, it quite clearly lays out a pattern of conduct over a long period of time with numerous misrepresentations, impersonations, and things of that nature. So this one instance could not have been tied to a monetary event, and because loss was the issue under determination, it would not have impacted that calculation. Loss amount wasn't the only issue being litigated. The overall sentence was being litigated. This was not a stipulated sentence of any kind. The loss amount was the contested point regarding the guidelines inputs, but the overall sentence that the court imposes is always at issue or under determination to use the language of the obstruction enhancement. The overall sentence is always under determination in a sentencing proceeding. Yes, Your Honor. And so a lie of this sort which goes to relevant conduct and the scope of his deception and cover-up of the fraud is certainly material to the overall sentence, which could be above guidelines or below guidelines. Yes, Your Honor. I'm simply trying to make the point that the statement at issue was given in the context of a loss contested. Right, but your argument in the briefs anyway, and it seems to be the same here, is taking too narrow a view of materiality. The point is not that the lie has to be material to the loss amount determination but to something at issue or under determination in the court's fashioning of the overall sentence. Yes, Your Honor. You know that's the case because the district court said so, that he was inclined to impose a much lower sentence until Mr. Godwin perjured himself in the sentencing proceeding. I mean, it's right in the transcript. Yes, Your Honor. He also mentions that his decision was based off what he considered my client's frivolous contestation of that loss amount. But again, we would say that because the materiality is tied to a specific issue under determination, that this case is different, for example, than the case of Mercado where the district, where the Seventh Circuit found that even if believed, the statements would not have had a realistic possibility of affecting a sentencing enhancement. In that case, it was being a minor participant. In this case, there is not a similar calculation that can be tied to this. And I would just like to additionally make the point that this is not harmless error because despite the fact that my client received a below-guideline sentence, as this court found recently in the United States v. Bravo, a below-guideline sentence can still be not harmless error and require vacature when it's not clear that the district court would have given the same sentence either way, which I believe you just noted the district court made clear it would not have. So for all of those reasons, we would ask for vacature and an instruction to the district court to not apply the obstruction enhancement at resentencing. Thank you. Ms. Donahue.  My name is Megan Donahue, and I represent the United States. This court should affirm defendant's sentence. The district court correctly applied the obstruction of justice enhancement under Guideline 3C.1.1 after defendant committed perjury at sentencing. Defendant's perjury was material because it went to the heart of the offense at issue and had the ability to impact his sentence, which was the issue under determination. I'd like to start by addressing some of the questions posed to appellant's counsel. First, as appellant's counsel noted, the issue before the district court was the sentence. It was not solely the loss amount, as your honors noted. Although the sentencing hearing was originally supposed to be focused solely on the loss amount as to AT&T, defendant instead broadened it to become about much more, not only in the three supplemental sentencing memoranda that he filed, but then at the sentencing itself. When he took the stand, chose to testify, and started to contest several key actions that he took in perpetuating his fraud scheme. Because his testimony in both the supplemental sentencing memoranda and at the sentencing itself undercut the very role he played in the scheme and how he perpetuated it and directed others to perpetuate it, it was material. Further, as your honors pointed out, the false testimony that defendant participated in clearly had the ability to affect the sentence. Not only with respect to the 3553A factors, as your honors pointed out, but also with respect to several of the sentencing enhancements that were applied. Obviously, the obstruction of justice enhancement, the acceptance of responsibility enhancement, the sophisticated means enhancement, and the leader-organizer enhancement. If defendant had been believed that he did not direct these impersonations, it is possible that the district court would not have imposed several of those enhancements or reductions. Because the district court's application of the enhancement was appropriate, the sentence should be upheld. First, focusing again on the materiality. Defendant does not contest that his lies were willful or that he did, in fact, lie on the stand. He only contests whether the lies were material. Under Application Note 6 of the guideline, lies are material if, when believed, they would tend to influence or affect the issue under determination. Defendant here lied to try and get a lower sentence. He lied under oath about directing Colletti to impersonate Ross, an AT&T employee, on several occasions. As the record reflects on pages 57, 61, and 76, even after being confronted with specific e-mails and texts that explicitly showed that defendant had asked Colletti to impersonate both Ross and Greenewalt, a Hutchison employee, defendant continued to lie, as the record indicates on pages 62 and 56. These lies went to the very heart of the fraud. Directing Colletti to impersonate Ross was an essential part of the scheme. It kept the scheme going by providing false assurances to Forrest Capital with respect to the first factoring agreement and allowing defendant to enter into a second factoring agreement with Forrest Capital and Vion. The lies and the impersonations bought defendant time and money and bore directly on his culpability for the scheme and the key role that he played in executing it. Second, defendant's perjury could easily have affected his sentence, which was the issue under determination. The district court stressed that the impersonations or the perjury about them did, in fact, factor into its sentencing analysis. As the district court noted, these brazen impersonations were an extraordinarily serious aspect of the fraud. Defendant directed them, and these impersonations constituted too important an episode for defendant not to remember it. As your honors pointed out, the district court went on to note that he would have imposed a radically different sentence had defendant not chosen to perjure himself on the stand. The lies would also have influenced the court's 55-53 analysis. Because defendant lied about a critical part of the scheme and those lies had a reasonable probability of affecting the sentence, the lies were material and the enhancement was properly applied. I'd also like to note that the district court sufficiently explained why it imposed the enhancement. As the Seventh Circuit has noted, the district court is not required to make separate and distinct findings with respect to each of the three elements of perjury. As long as the district court makes factual findings to support its application and explains that reasoning, it has made a sufficient finding. Here, the district court's rationale and explanation of why defendant lied and why those lies were material was more than sufficient to impose the enhancement. First, the court found that defendant lied by clearly stating that he did not believe defendant, that he did not believe that the defendant didn't remember the impersonations, and that defendant made the fateful decision to lie in court. Second, it found that defendant's lie was willful. Third, it found that defendant's lie was mere material. Again, noting as the record reflects on pages 76, 98, and 99, that these impersonations were too important, that the impersonations were brazen, and that this was an extraordinarily serious aspect of the frauds. The court, therefore, created a record of how defendant's perjury sought to downplay the seriousness of the offense and his role in it, and thus was capable of influencing the sentence. Finally, the district court did not need to link the materiality of defendant's perjury to the party's dispute over the loss amount. First, the perjury did not need to impact the loss amount. The issue under determination here was the defendant's sentence, and clearly the perjury could have affected the sentence if those lies had been believed. Even assuming that the perjury did need to be connected to the loss amount, it was. Colletti's impersonations of Ross were not unrelated to the loss amount. The record highlights the importance of these impersonations and the key role they played in defrauding AT&T, Vion, and Forest Capital. This was a deliberate attempt to mislead the court. Defendant tried to diminish the severity of the offense and minimize his role. Unless there are any questions, the government respectfully requests that this court affirm defendant's sentence. Thank you. Ms. Riley, your time has expired, but you may have a minute to offer some concluding thoughts before we call the next case. Thank you, Your Honor. Briefly, I would like to note for the court that Mr. Godwin had admitted numerous actions that actually justified the loss amount in this case. On pages 60 through 62 of the record, 67, 68, through 69, the impersonations that opposing counsel mentioned as far as Mr. Greenwald and Hutchinson, those were all acknowledged by my client when he admitted actions that constituted the loss at issue here. So, again, for the reasons we earlier discussed, we would ask for a remand of this sentence. Thank you. Our thanks to both counsel. The case is taken under advisement.